Cheryl Johnson-Hartwell (SBN 221063)
E-mail: cjohnson-hartwell@bwslaw.com
Lindsay M. Samuel (SBN 320075)
E-mail: lsamuel@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600   Fax: 213.236.2700

Attorneys for Defendant, INTER-CON SECURITY SYSTEMS, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| GENE SUGIMOTO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>INTER-CON SECURITY SYSTEMS, INC., a California corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 37-2018-00058993-CU-OE-CTL<br><br>**DEFENDANT INTER-CON SECURITY SYSTEMS, INC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>JFAP:   Honorable Kenneth J. Medel<br>           Dept. C-66 |

Defendant INTER-CON SECURITY SYSTEMS, INC. (hereafter "INTER-CON") hereby answers the unverified Complaint ("Complaint") filed by Plaintiff Gene Sugimoto ("Plaintiff") as follows:

**GENERAL DENIAL**

1. Pursuant to the provisions of Code of Civil Procedure Section 431.30(d), INTER-CON denies, both generally and specifically, each and every allegation, matter or fact contained in said Complaint and the whole thereof, and further specifically denies that Plaintiff has been injured or damaged in any sum whatsoever or is entitled to any relief in any form, whether legal or equitable, from INTER-CON.

INTER-CON also pleads the following separate and additional defenses to the Complaint:

///

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts and Uncertainty)

2. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that the Complaint, and each alleged cause of action therein, fails to state facts sufficient to constitute a cause of action against INTER-CON and is uncertain.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

3. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that the Plaintiff's causes of action are barred because Plaintiff failed to exhaust his administrative remedies by not permitting the applicable administrative agencies to investigate and/or attempt to resolve this matter.

## THIRD AFFIRMATIVE DEFENSE

### (Barred by Statute of Limitations)

4. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that Plaintiff's claims are barred in whole or in part by any and all applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

5. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts, without admitting that INTER-CON engaged in any of the acts or conduct attributed to INTER-CON in the Complaint, that Plaintiff's claims are barred in whole or in part by the Statute of Frauds.

///
///

## FIFTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

6. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that Plaintiff is estopped by his own acts and/or omissions from asserting the claims alleged in the Complaint and obtaining the relief requested therein.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

7. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that Plaintiff has waived his rights, if any, to pursue this action against INTER-CON.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

8. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that if Plaintiff sustained any damages as a result of the allegations set forth in the Complaint, such damages are the result of Plaintiff's failure to take reasonable efforts to mitigate the damages already suffered.

## EIGHTH AFFIRMATIVE DEFENSE

### (Independent Cause)

9. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that any damages allegedly suffered by Plaintiff were caused or contributed to by persons and causes other than INTER-CON, including Plaintiff, thereby eliminating or reducing any alleged liability of INTER-CON.

///

///

## NINTH AFFIRMATIVE DEFENSE

**(INTER-CON Fully Performed All Duties and Obligations Owed to Plaintiff)**

10. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that any duty or obligation, contractual, statutory or otherwise, which Plaintiff claims was owed to his by INTER-CON has been fully and faithfully performed, satisfied and/or discharged.

## TENTH AFFIRMATIVE DEFENSE

**(INTER-CON's Actions were Conducted in Good Faith)**

11. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts, without admitting that INTER-CON engaged in any of the acts or conduct attributed to INTER-CON in the Complaint, that any and all actions of INTER-CON with regard to Plaintiff were conducted in good faith and without fraud, oppression or malice against Plaintiff or his rights, thereby precluding any and all claims for punitive or exemplary damages.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Legitimate, Business-Related Actions by INTER-CON Based on Good Faith)**

12. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that the Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action because any decisions with respect to Plaintiff were made by INTER-CON primarily or solely for legitimate, business-related reasons and were reasonably based on the facts as INTER-CON understood them.

///

///

///

///

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

13. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that Plaintiff's claims are barred by the equitable doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

14. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that Plaintiff's claims are barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

15. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that any and all acts alleged to have been committed by INTER-CON or INTER-CON's agents were absolutely or qualifiedly privileged.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Consent)

16. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts, without admitting that INTER-CON engaged in any of the acts or conduct attributed to INTER-CON in the Complaint, that any and all actions of INTER-CON with regard to Plaintiff were consented to by Plaintiff.

///
///
///
///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Mountain View

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Bona Fide Occupational Qualification)**

17. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts, without admitting that INTER-CON engaged in any of the acts or conduct attributed to INTER-CON in the Complaint, that INTER-CON had a bona fide occupational qualification.

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(After-Acquired Evidence)**

18. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts, without admitting that INTER-CON engaged in any of the acts or conduct attributed to INTER-CON in the Complaint, that any actions taken by INTER-CON regarding Plaintiff, if any, were justified by the doctrine of after-acquired evidence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

**(Failure to Use Internal Complaint Procedures)**

19. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts, without admitting that INTER-CON engaged in any of the acts or conduct attributed to INTER-CON in the Complaint, that Plaintiff's claims are barred in whole or in part by Plaintiff's failure to notify INTER-CON of the alleged unlawful conduct and/or to allow INTER-CON to investigate or remedy the alleged unlawful conduct.

## NINETEENTH AFFIRMATIVE DEFENSE

**(Failure to Perform)**

20. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that Plaintiff's claims are barred in that he failed to perform his job responsibilities and/or obligations existing under statute.

///

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Violation of Any Constitutional Provision, State Statute or Regulation)

21. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that Plaintiff's causes of action are barred because INTER-CON did not violate any constitutional provision, state statute, regulation, or other substantial public policy of the State of California as alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

22. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts, without admitting that INTER-CON engaged in any of the acts or conduct attributed to INTER-CON in the Complaint, that Plaintiff's claims are barred in whole or in part by the doctrine of workers' compensation exclusivity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (INTER-CON Exercised Reasonable Care)

23. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts, without admitting that INTER-CON engaged in any of the acts or conduct attributed to INTER-CON in the Complaint, that INTER-CON exercised reasonable care, and properly took all steps necessary to prevent and correct any violations of any constitutional provision, state statute, regulation, or other substantial public policy of the State of California, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities or to otherwise avoid harm.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Plaintiff's Employment Was At-Will)

24. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that Plaintiff's employment with INTER-CON was at-will pursuant to California Labor Code Section 2922.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Good Cause)

25. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that any actions taken by INTER-CON regarding Plaintiff, if any, were taken for good cause.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Duty)

26. As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, the INTER-CON asserts, without admitting that INTER-CON engaged in any of the acts or conduct attributed to INTER-CON in the Complaint, that INTER-CON owed no duty to Plaintiff as described in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Take Reasonable Steps to Avoid Harm or Consequences)

27. As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, INTER-CON asserts, without admitting that INTER-CON engaged in any of the acts or conduct attributed to INTER-CON in the Complaint, that Plaintiff's claims and damages are barred in whole or in part by Plaintiff's failure to take reasonable and necessary steps to avoid the harm and/or consequences he allegedly suffered.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Same Decision – Legitimate Reason,** *Harris v. City of Santa Monica* (2013) 56 Cal. 4th 203)

28. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts, without admitting that it engaged in the conduct alleged in Plaintiff's Complaint, that it had legitimate, non-retaliatory reasons for the actions undertaken in connection with Plaintiff's employment. If it is found that the actions were


motivated by both discriminatory and nondiscriminatory reasons, the nondiscriminatory reasons, alone, would have induced INTER-CON to make the same decisions at the same time.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action for Attorneys' Fees)

29. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that Plaintiff fails to state a cause of action for attorneys' fees.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (INTER-CON is Entitled to Attorneys' Fees)

30. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that the Complaint lacks foundation and is unreasonable, thus INTER-CON is entitled to recover attorneys' fees and costs expended in defending this action pursuant to Government Code Section 12965(b) and Code of Civil Procedure Section 128.7.

### THIRTIETH AFFIRMATIVE DEFENSE
### (Failure to Set Forth Facts for Punitive Damages)

31. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that the Complaint fails to set forth facts sufficient to constitute a claim for punitive or exemplary damages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Judicial Estoppel)

32. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, INTER-CON asserts that Plaintiff is barred from recovery in this action by the equitable doctrine of judicial estoppel.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

33.   Any unlawful or wrongful acts, to the extent they exist, taken by INTER-CON's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by INTER-CON nor did INTER-CON know nor should have known of such acts.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights)

34.   INTER-CON reserves the right to assert additional defenses as they become known through discovery in this matter.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Scope of the Charge)

35.   The Complaint, and each and every purported Cause of Action alleged therein, is barred to the extent that it is predicated upon events, incidents, acts, or omissions that are not the subject of, or are beyond the scope of, a timely charge of discrimination filed with the California Department of Fair Employment and Housing and/or the United States Equal Employment Opportunity Commission.

### DEMAND FOR JURY TRIAL

Defendant demands a jury trial presented on all issues presented by Plaintiff's Complaint.

///
///
///
///
///
///

WHEREFORE, INTER-CON prays for entry of judgment as follows:

1. That Plaintiff takes nothing by his Complaint;
2. That judgment be entered in favor of INTER-CON;
3. That INTER-CON be awarded costs of suit including attorneys' fees; and
4. For such other relief as the court may deem just and proper.

Dated:   January 3, 2019

BURKE, WILLIAMS & SORENSEN, LLP

By: *Lindsay Samuel*
Cheryl Johnson-Hartwell
Lindsay M. Samuel
Attorneys for Defendant, INTER-CON SECURITY SYSTEMS, INC.

## PROOF OF SERVICE

I, Olga Valadez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953. On January 3, 2019, I served a copy of the within document(s):

**DEFENDANT INTER-CON SECURITY SYSTEMS, INC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Josh D. Gruenberg, Esq.<br>Aisling S. Gilliland, Esq.<br>GRUENBERG LAW<br>2155 First Avenue<br>San Diego, CA 92101<br>Telephone: (619) 230-1234<br>Fax: (619) 230-1074 | Attorney for Plaintiff<br>GENE SUGIMOTO |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 3, 2019, at Los Angeles, California.

_____
Olga Valadez

EXHIBIT A

-1-
PROOF OF SERVICE