Josh D. Gruenberg, Esq. (163281)
Aisling S. Gilliland, Esq. (163321)
GRUENBERG LAW
2155 First Avenue
San Diego, California 92101
Telephone: (619) 230-1234
Telecopier: (619)230-1074

Attorneys for Plaintiff
GENE SUGIMOTO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

GENE SUGIMOTO, an individual,

               Plaintiff,

v.

INTER-CON SECURITY SYSTEMS, INC., a
California corporation; and DOES 1 through 25,
inclusive,

               Defendants.

Case No.: '19CV0025 DMS BLM

PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR:
1. DISCRIMINATION ON BASIS OF
   MEDICAL CONDITION/PHYSICAL
   DISABILITY [42 U.S.C. 12112 *et seq.;*
   Cal. Gov't Code §12940(a)];
2. DISCRIMINATION ON BASIS OF
   PERCEIVED MEDICAL
   CONDITION/PHYSICAL
   DISABILITY [42 U.S.C. 12112 *et seq.;*
   Cal. Gov't Code §12940(a)];
3. FAILURE TO ENGAGE IN THE
   INTERACTIVE PROCESS [42 U.S.C.
   12112 *et seq;* Cal. Gov't Code
   §12940(n)];
4. FAILURE TO ACCOMMODATE [42
   U.S.C. 12112(5)(A)(B); Cal. Gov't
   Code § 12940(m)];
5. FAILURE TO PREVENT
   DISCRIMINATION [Cal. Gov't Code
   §12940(k)];
6. RETALIATION [42 U.S.C. 12203(a);
   Cal. Gov't Code § 12940(h)];
7. UNLAWFUL NON-JOB-RELATED
   MEDICAL INQUIRY;
8. INTENTIONAL INFLICTION OF
   EMOTIONAL DISTRESS

Judge:       Hon. Dana M. Sabraw
Courtroom:  13A (Carter/Keep)

**[JURY TRIAL DEMANDED]**

COMES NOW THE PLAINTIFF, alleging against Defendant as follows:

<u>GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

1.    Plaintiff Gene Sugimoto (hereinafter "Plaintiff"), is a natural person who is, and at all times herein mentioned was, a resident of the County of San Diego, State of California.

2.    Plaintiff believes and thereon alleges that at all times herein mentioned, Defendant Inter-Con Security Systems, Inc. (hereinafter "INTER-CON") is a California corporation doing business in the State of California, County of San Diego.   INTER-CON employs more than one hundred (100) employees in the State of California.

3.    Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 25 and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

4.    Plaintiff believes and thereon alleges that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendants and all of their acts.

5.    Plaintiff believes and thereon alleges that each of these Defendants named herein as DOES are the agents, employers, representatives or employees of the other named Defendants and when performing the acts alleged herein, were acting within the scope of their agency, employment and/or representative capacity and are therefore responsible for the acts complained of herein.

6.    The tortious acts and omissions alleged to have occurred herein were performed by supervisory level employees.

7.    As a further legal (proximate) result of the unlawful and intentional discriminatory actions of Defendants, and each of their agents, against Plaintiff as alleged herein, Plaintiff has been harmed in that he has suffered, and continues to suffer, emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

8.   Defendants, and each of them, committed these acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct.  Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard for Plaintiff's rights.

9.   Plaintiff seeks compensatory damages, punitive damages, costs of suit herein, and attorney's fees.

10.  Plaintiff filed complaints with the U.S. Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH") on or about December 16, 2015, and thereafter received a Right to Sue letter from the DFEH tolling the one-year time period for Plaintiff to file in State Court during the pendency of the EEOC investigation.  Plaintiff received his Right to Sue from the EEOC on August 27, 2018.  These Right to Sue letters are collectively attached to the original Complaint as "EXHIBIT A."

SPECIFIC FACTUAL ALLEGATIONS

11.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

12.  In 2009, Plaintiff was hired by Akal Security ("Akal") as a court security officer. Akal  contracted with the U.S. Marshals Service to provide security officers for federal courthouses in California.  As part of his pre-employment physical, Plaintiff wrote in the provided questionnaire that, in the past, he was diagnosed with sleep apnea. Plaintiff indicated that his sleep apnea had resolved due to Plaintiff's weight loss.  Plaintiff submitted letters from his primary doctor and a pulmonary specialist that indicated he did not have the classic symptoms of sleep apnea and that he could perform the duties of a court security officer.

13.  From 2009-2014, Plaintiff fully performed his duties as a U.S. Marshall at a San Diego federal courthouse.  Plaintiff had a physical each year, but was not required by

///

the U.S. Marshals Service or Akal to provide any medical documentation regarding his sleep apnea.

14. On or about November 2, 2013, Akal lost its contract with the U.S. Marshals Service. Defendant INTER-CON was awarded the contract and took over providing court security officers to federal court.  INTER-CON retained Plaintiff as a court security officer.

15. On or about November 18, 2014, Plaintiff received a request from INTER-CON and the U.S. Marshals Service for medical information regarding a physical and sleep apnea.  Plaintiff provided medical documentation, via a letter from his doctor at Sharp Rees-Stealy, that he was able to perform all the duties of his position as a court security officer despite having been diagnosed with sleep apnea.  Plaintiff's doctor opined that the Plaintiff did not need additional tests as he did not exhibit any of the classic symptoms of sleep apnea.

16. Defendant and the U.S. Marshals Service were not satisfied with the letter from Plaintiff's physician and improperly requested a download of a CPAP machine and a sleep study.  Thus, on or about January 30, 2015, the U.S. Marshals, through INTER-CON, sent a second request for a medical evaluation to determine the extent of Plaintiff's sleep apnea and if it could interfere with the performance of his duties. Defendant and the U.S. Marshal's Service insisted on a more thorough evaluation, including an overnight sleep apnea test and/or information from a CPAP machine. Defendant ordered Plaintiff to complete the medical testing by April 24, 2015.

17. In response to Defendant's request, Plaintiff made repeated attempts to have the testing done by his physicians and related departments at Sharp Rees-Stealy. Plaintiff contacted his pulmonary specialist who had cleared him to work in 2009. Because of scheduling conflicts and an extended vacation by the doctor, Plaintiff was having trouble meeting the arbitrary deadline selected by INTER-CON.  Thus, on or about April 6, 2015, Plaintiff wrote INTER-CON a memorandum in which he

///

1    requested an extension of time to comply, a request that Defendant ignored and failed

2    to answer.

3    18.   At about this same time, in a good faith effort to demonstrate his efforts to meet

4          INTER-CON's demands, Plaintiff sent INTER-CON a description of the costs

5          associated with the testing.  INTER-CON approved the costs and knew Plaintiff was

6          in the process of complying with its demands.

7    19.   Shortly thereafter, Plaintiff again inquired about the status of his extension request.

8          Defendant never replied to Plaintiff's request and never granted him an extension.

9          On or about April 27, 2015, Defendant wrongfully terminated Plaintiff via phone call

10         by INTER-CON supervisor Mel Roberts.

11                         **FIRST CAUSE OF ACTION**

12   DISCRIMINATION ON BASIS OF MEDICAL CONDITION/PHYSICAL DISABILITY

13              [42 U.S.C. 12112 et seq.; Cal. Gov't Code § 12940(a)]

14   20.   Plaintiff re-alleges and incorporates by reference each and every allegation contained

15         in the preceding paragraphs as though fully set forth herein.

16   21.   Plaintiff was diagnosed with sleep apnea, a medical condition/physical disability, as

17         set forth herein.

18   22.   Plaintiff believes and hereon alleges that his medical condition/physical disability

19         was a substantial motivating reason for Defendant engaging in conduct that, taken as

20         a whole, materially and adversely affected the terms and conditions of his

21         employment, up to and including terminating his employment.

22   23.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

23         sustained and continues to sustain substantial losses in earnings, employment

24         benefits, employment opportunities, and Plaintiff has suffered other economic losses

25         in an amount to be determined at time of trial. Plaintiff has sought to mitigate these

26         damages.

27   24.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

28         suffered and continues to suffer humiliation, emotional distress, loss of reputation,

1   and mental and physical pain and anguish, all to his damage in a sum to be

2   established according to proof.

3   25.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is

4   entitled to recover punitive and exemplary damages in an amount commensurate with

5   Defendant's wrongful acts and sufficient to punish and deter future similar

6   reprehensible conduct.

7   26.   In addition to such other damages as may properly be recovered herein, Plaintiff is

8   entitled to recover prevailing party attorney's fees pursuant to 42 U.S.C. 12205 and

9   California Government Code section 12965(b).

10   **SECOND CAUSE OF ACTION**

11   DISCRIMINATION ON BASIS OF PERCEIVED
    MEDICAL CONDITION/PHYSICAL DISABILITY

12   [42 U.S.C. 12112 et seq.; Cal. Gov't Code § 12940(a)]

13
14   27.   Plaintiff re-alleges and incorporates by reference each and every allegation contained

15   in the preceding paragraphs as though fully set forth herein.

16   28.   Defendant perceived Plaintiff to have sleep apnea, a medical condition/physical

17   disability, as set forth herein.

18   29.   Plaintiff believes and hereon alleges that Defendant INTER-CON's perception of his

19   medical condition/physical disability was a substantial motivating reason for

20   Defendant engaging in conduct that, taken as a whole, materially and adversely

21   affected the terms and conditions of his employment, up to and including terminating

22   his employment.

23   30.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

24   sustained and continues to sustain substantial losses in earnings, employment

25   benefits, employment opportunities, and Plaintiff has suffered other economic losses

26   in an amount to be determined at time of trial. Plaintiff has sought to mitigate these

27   damages.

28   31.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

     suffered and continues to suffer humiliation, emotional distress, loss of reputation,

6

1   and mental and physical pain and anguish, all to his damage in a sum to be
2   established according to proof.

3   32.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is
4         entitled to recover punitive and exemplary damages in an amount commensurate with
5         Defendant's wrongful acts and sufficient to punish and deter future similar
6         reprehensible conduct.

7   33.   In addition to such other damages as may properly be recovered herein, Plaintiff is
8         entitled to recover prevailing party attorney's fees pursuant to 42 U.S.C. 12205 and
9         California Government Code section 12965(b).

10                              **THIRD CAUSE OF ACTION**

11                    FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

12                    [42 U.S.C. 12112 et seq.; Cal. Gov't Code § 12940(n)]

13  34.   Plaintiff re-alleges and incorporates by reference each and every allegation contained
14        in the preceding paragraphs as though fully set forth herein.

15  35.   Plaintiff had a medical condition/physical disability that allowed him to work with
16        accommodation. Alternatively, Defendant perceived Plaintiff to have such medical
17        condition. Plaintiff requested accommodation, as alleged herein.

18  36.   Defendant did not engage in a timely, good faith, interactive process with Plaintiff to
19        determine effective reasonable accommodations.

20  37.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has
21        sustained and continues to sustain substantial losses in earnings, employment
22        benefits, employment opportunities, and Plaintiff has suffered other economic losses
23        in an amount to be determined at time of trial. Plaintiff has sought to mitigate these
24        damages.

25  38.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has
26        suffered and continues to suffer humiliation, emotional distress, loss of reputation,
27        and mental and physical pain and anguish, all to his damage in a sum to be
28        established according to proof.

39. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

40. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees pursuant to 42 U.S.C. 12205 and California Government Code section 12965(b).

## FOURTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE

[42 U.S.C. 12112(5)(A)(B); Cal. Gov't Code § 12940(m)]

41. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

42. Plaintiff had a medical condition/physical disability that allowed him to work with accommodation, including an extension of time to meet Defendant's demands regarding an extended and inappropriate physical examination. Alternatively, Defendant perceived Plaintiff to have such medical condition.  Plaintiff requested accommodation, as alleged herein.

43. Defendant did not reasonably accommodate Plaintiff's medical condition/physical disability and instead, terminated Plaintiff's employment.

44. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

45. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to his damage in a sum to be established according to proof.

46.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

47.   In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees pursuant to 42 U.S.C. 12205 and California Government Code section 12965(b).

### FIFTH CAUSE OF ACTION

FAILURE TO PREVENT DISCRIMINATION

[Cal. Gov't Code § 12940(k)]

48.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

49.   At all times relevant herein, Plaintiff was employed by Defendant.

50.   Plaintiff was subjected to discrimination in the course of his employment.

51.   Defendant failed to take reasonable steps to prevent the discrimination.

52.   Defendant's failure to take reasonable steps to prevent the discrimination was a substantial factor in causing Plaintiff's harm.

53.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to his damage in a sum to be established according to proof.

54.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

55.   In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees pursuant to California Government Code section 12965(b).

## SIXTH CAUSE OF ACTION

RETALIATION

[42 U.S.C. 12203(a); Cal. Gov't Code § 12940(h)]

56. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

57. Plaintiff opposed Defendant's discrimination on the basis of his medical condition or perceived medical condition. Plaintiff's opposition to Defendant's discrimination was a substantial motivating reason for Defendant's retaliation against Plaintiff, including his termination, as stated herein.

58. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial loss in earnings, employment benefits, employment opportunities, and Plaintiff has suffered economic losses in an amount to be determined at trial. Plaintiff has sought to mitigate these damages.

59. As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to his damage in a sum to be established according to proof.

60. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees and costs pursuant to 42 U.S.C. 12205 and California Government Code section 12965(b).

## SEVENTH CAUSE OF ACTION

UNLAWFUL NON-JOB-RELATED MEDICAL INQUIRY

[Cal. Gov't Code § 12940(d)]

61. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

62. Defendant INTER-CON made a non-job-related inquiry of Plaintiff, including but not limited to, ordering Plaintiff to have additional physical examinations and sleep tests related to his previous diagnosis of sleep apnea.

PLAINTIFF'S FIRST AMENDED COMPLAINT

63.   Defendant INTER-CON's non-job-related inquiry expressed, directly or indirectly, discrimination against Plaintiff on the basis of his sleep apnea or perceived sleep apnea.

64.   As a direct, foreseeable, and proximate result of Defendant INTER-CON's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at trial. Plaintiff has sought to mitigate these damages.

65.   As a direct, foreseeable, and proximate result of Defendant INTER-CON's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to Plaintiff's damages to in a sum to be established according to proof.

66.   As a result of Defendant INTER-CON's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant INTER-CON's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

67.   In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorneys' fees and costs pursuant to Government Code section 12965(b).

## EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

69.   Defendant's intentional conduct, as set forth herein, was extreme and outrageous.

70.   Defendant intended to cause Plaintiff to suffer extreme emotional distress.  Plaintiff suffered extreme emotional distress.

71.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation,

1  and mental and physical pain and anguish, all to his damage in a sum to be

2  established according to proof.

3

4  **WHEREFORE**, Plaintiff prays for the following relief:

5      1.    For mental and emotional distress damages;

6      2.    For punitive damages in an amount necessary to make an example of and to

7  punish defendants, and to deter future similar misconduct;

8      3.    For an award of attorney's fees pursuant to 42 U.S.C. 12205 and California

9      Government Code section 12965(b) et seq.

10     4.    For costs of suit herein;

11     5.    For an award of interest, including prejudgment interest, at the legal rate;

12     6.    For such other and further relief as the Court deems proper and just under all

13 the circumstances.

14 PLAINTIFF GENE SUGIMOTO demands a jury trial on all issues in this case.

15

16 DATED: February 6, 2019             GRUENBERG LAW

17

18

19                                       JOSH D. GRUENBERG

20                                       AISLING S. GILLILAND

21                                       Attorneys for Plaintiff

                                      GENE SUGIMOTO

22

23

24

25

26

27

28